IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| ALEXANDER VAZQUEZ,<br><br>Plaintiff<br>v.<br>NOVO NORDISK INC., and NOVO NORDISK A/S,<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br>CIVIL ACTION NO.:<br>_____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): **Alexander Vazquez**.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff is suing the following Defendants (check all that apply):

    **X** Novo Nordisk Inc.

    **X** Novo Nordisk A/S

    ____ Eli Lilly and Company

    ____ Lilly USA, LLC

    ____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff's current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

**Franklin Square, New York**

7. State where Plaintiff was prescribed the GLP-1RA Product(s) at issue:

**New York**

8. State of Plaintiff's residence at time of their use of the GLP-1RA Product(s) at issue:

**New York**

9. City and state of Plaintiff's residence at time of diagnosis of injury:

**Franklin Square, New York**

10. Jurisdiction is based on:

    **X**   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____   other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court where Plaintiff might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

**Eastern District of New York**

12. Venue is proper in the District Court identified in Paragraph 11 because:

    **X**   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

        __X__   other (plead in sufficient detail as required by applicable rules): **Plaintiff purchased and used Defendants' products in Franklin Square, New York. Plaintiff suffered and was diagnosed with his initial injury in New York.**

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

   _____

## **PRODUCT USE**

14. Plaintiff used the following GLP-1 RA Products for which claims are being asserted in this case (check all that apply):

**X**\_\_\_\_\_  Ozempic (semaglutide)

\_\_\_\_\_  Wegovy (semaglutide)

\_\_\_\_\_  Rybelsus (oral semaglutide)

\_\_\_\_\_  Victoza (liraglutide)

\_\_\_\_\_  Saxenda (liraglutide)

\_\_\_\_\_  Trulicity (dulaglutide)

\_\_\_\_\_  Mounjaro (tirzepatide)

\_\_\_\_\_  Zepbound (tirzepatide)

\_\_\_\_\_  Other(s) (specify): _____

15. To the best of Plaintiff's knowledge, Plaintiff used GLP-1 RA Products during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

**Plaintiff used Defendants' Ozempic product between approximately March 2023 and May 2023.**

## INJURIES AND DAMAGES

16. To the best of Plaintiff's knowledge, as a result of using GLP-1 RA Products, Plaintiff suffered the following injuries, including their sequelae (check all that apply):

    \_\_\_\_ Gastroparesis

    **X** Other gastro-intestinal injuries (specify) **Severe nausea, vomiting, abdominal pain and additional symptoms relating to gastrointestinal injury.**

    \_\_\_\_ Ileus

    \_\_\_\_ Ischemic Bowel/Ischemic Colitis

    \_\_\_\_ Intestinal Obstruction

    \_\_\_\_ Necrotizing Pancreatitis

    \_\_\_\_ Gallbladder Injury (specify) _____

    \_\_\_\_ Micronutrient Deficiency

    \_\_\_\_ Wernicke's encephalopathy

    \_\_\_\_ Aspiration

    \_\_\_\_ Death

    \_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's injuries occurred in approximately (month and year)?

    **Plaintiff's injuries occurred in approximately May 2023 and thereafter.**

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Products, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    **X**    Injury to self

    _____    Injury to person represented

    **X**    Economic loss

    _____    Wrongful death

    _____    Survivorship

    _____    Loss of services

    _____    Loss of consortium

    _____    other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff hereby adopts and incorporates by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

<u>  X  </u>   Count I:     Failure to Warn – Negligence

<u>  X  </u>   Count II:    Failure to Warn – Strict Liability

<u>  X  </u>   Count III:   Breach of Express Warranty/Failure to Conform to Representations

<u>  X  </u>   Count IV:    Breach of Implied Warranty

<u>  X  </u>   Count V:     Fraudulent Concealment/Fraud by Omission

<u>        </u>   Count VI:    Fraudulent/Intentional Misrepresentation

<u>  X  </u>   Count VII:   Negligent Misrepresentation/Marketing

<u>        </u>   Count VIII:  Strict Product Liability Misrepresentation/Marketing

<u>        </u>   Count IX:    Innocent Misrepresentation/Marketing

<u>  X  </u>   Count X:     Unfair Trade Practices/Consumer Protection (see below)

<u>  X  </u>   Count XI:    Negligence

<u>        </u>   Count XII:   Negligent Undertaking

<u>        </u>   Count XIII:  State Product Liability Act (see below)

<u>        </u>   Count XIV:   Wrongful Death
       Count XV:    Loss of Consortium

<u>        </u>   Count XVI:   Survival Action

<u>        </u>   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

20. If Plaintiff is asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff is bringing such claims:
      **N.Y. Gen. Bus. Law § 349, N.Y. Gen. Bus. Law § 350**

   b. Identify the factual allegations supporting those claims (by subsection, if applicable):
      **See Attachment 1**

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   _____

   _____

   _____

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   _____

   _____

   c. Identify the factual allegations supporting those claims:

   _____

   _____

   _____

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

10

## RELIEF

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: March 5, 2026

By:

/s/ Virginia E. Anello
Virginia E. Anello (VA-8197)
Douglas & London, P.C.
935 Gravier Street, Suite 2120
New Orleans, LA 70447
Ph: 212-566-7500
Fax: 212-566-7501
Email: vanello@douglasandlondon.com
Attorney for Plaintiff

# ATTACHMENT 1

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statutes").

4. The New York Deceptive Acts and Practices Act ("New York DAPA") prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce[.]" N.Y. Gen. Bus. Law § 349. The New York False Advertising Act ("New York FAA") prohibits "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350.  Collectively, New York DAPA and New York FAA are referred to herein as "Statutes".

5. Plaintiff and/or Defendants are "persons" under the Statutes.

6. Plaintiff ALEXANDER VAZQUEZ is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendants are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statutes for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff ALEXANDER VAZQUEZ, but also separate and independent statutory duties to be truthful, fair,

accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9. Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in New York. In addition, Defendants sold the GLP-1 RA Products to residents of New York; shipped GLP-1 RA Products to New York; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in New York. Defendants' misconduct described herein significantly affected New York consumers.

10. As alleged in the Master Complaint, Defendants engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statutes by, among other things:

   a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

   b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

   c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendants misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff ALEXANDER VAZQUEZ, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14. Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff ALEXANDER VAZQUEZ and his health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendants violated the Statutes by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff ALEXANDER VAZQUEZ and his health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16. Defendants violated the Statutes by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff ALEXANDER VAZQUEZ and his health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17. Defendants knew that the omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

18. In violation of the Statutes, through a pervasive pattern of false and misleading omissions to health care providers and consumers, Defendants engaged in unlawful intentional conduct by overstating benefits of GLP-1 RA Products and omitting or downplaying side effects and complications of the products.

19. In violation of the Statutes, Defendants' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

20. Defendants' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff ALEXANDER VAZQUEZ.

21. Plaintiff ALEXANDER VAZQUEZ justifiably relied on Defendants' misrepresentations and omissions and if Plaintiff ALEXANDER VAZQUEZ had known the information that Defendants withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

22. As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff ALEXANDER VAZQUEZ purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendants misrepresentations and omissions. Defendants expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

23. Plaintiff ALEXANDER VAZQUEZ at all times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

24. The actions and omissions of Defendants are uncured or incurable.

25. As alleged above, Defendants had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

26. As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

27. Accordingly, pursuant to the Statutes, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.